UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDALL L. HUMPHERYS,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-08-5076-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on July 3, 2009. (Ct. Rec. 12, 16.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) Plaintiff filed a reply on May 26, 2009. (Ct. Rec. 20.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12).

**JURISDICTION**

Plaintiff protectively filed an application for supplemental security income (SSI) benefits on December 29, 2004, alleging disability as of the same date. (Tr. 16.) The applications were denied initially and on reconsideration. (Tr. 30-31, 33-36.)

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                      - 1 -

Administrative Law Judge (ALJ) John R. Crickman held a hearing September 20, 2007. Plaintiff, represented by counsel, and vocational expert Dennis Elliott testified. (Tr. 216-271.) On March 18, 2008, the ALJ issued an unfavorable decision. (Tr. 16-21.) The Appeals Council received additional evidence and denied review on September 24, 2008. (Tr. 4-7.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on November 13, 2008. (Ct. Rec. 2,4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 46 years old at the hearing. (Tr. 228.) He has a ninth grade education but obtained his GED. (Tr. 20, 71, 231, 259-260.) Plaintiff has worked as a carpenter's apprentice, fish butcher, fishing vessel deck hand, and construction worker. (Tr. 260.) He worked (at less than SGA levels) during the two years following onset, in 2005 and 2006. (Tr. 244.) Plaintiff testified that he cooks, washes dishes, vacuums, mows the lawn. (Tr. 233-234.) He has not driven in 20 years and rides a bike for transportation, although at times hip pain apparently "sometimes let[s] me know." (Tr. 230, 269.) Plaintiff admitted he still drinks "every once in a while." (Tr. 230.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability"

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

1  plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
2  Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 5 -

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 18.) At steps two and three, the ALJ found that plaintiff suffers from history of hip and clavicle fractures and chronic alcoholism, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 18-19.) The ALJ found plaintiff less than completely credible. (Tr. 20.) At step four, the ALJ found plaintiff is unable to perform past relevant work. (Tr. 20.) At step five, relying on the VE, the ALJ found plaintiff can perform other work, such as photo finisher, and seedling and agricultural sorter. (Tr. 21.) Because the ALJ found

plaintiff could perform work, he was found not disabled at step five. Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 21.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly weigh the medical evidence, fully develop the record, and meet his step five burden. (Ct. Rec. 14 at 4.) The Commissioner responds that the ALJ performed each task appropriately and asks the Court to affirm his decision. (Ct. Rec. 17 at 6.)

**DISCUSSION**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 7 -

ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

A. <u>Treating physician's opinion</u>

Plaintiff contends that the ALJ failed to properly credit the September of 2007 opinion of treating physician Paul E. Emmans III, D.O.[1], specifically his opinion plaintiff would miss an

---

[1] Dr. Emmans is mistakenly referred to throughout the record as Dr. Emmons.
ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8 -

average of two days of work each month. (Ct. Rec. 14 at 7-10; Tr. 210.) The Commissioner responds that the ALJ gave specific and legitimate reasons for discrediting some of Dr. Emmans's opinions. (Ct. Rec. 17 at 6-11.)

On September 11, 2007, Dr. Emmans indicated he treated plaintiff from September 11, 1979 through the date of the report. (Tr. 209.) He diagnosis post left hip fracture and lists plaintiff's symptoms as "pain in left hip and hip when working on his feet." With respect to the relevant clinical findings on which his opinion is based, Dr. Emmans writes: "internal rotation ten degrees [and] extension thirty degrees on the left, and ten to forty five degrees on the right." (Id.) He opines Plaintiff does not need to lie down during the day and takes no medication (other than herbal supplements, tylenol or aspirin) for pain. Asked to describe any physical or mental condition which does or could produce pain, Dr. Emmans responds "alcoholism." (Tr. 209.)

Dr. Emmans's prognosis is "no change." (Tr. 210.) He opines that work on a regular and continuing basis would cause plaintiff's condition to deteriorate, adding: "Hard physical labor may aggravate the hip." If plaintiff attempted to work 40 hours a week, he would more probably than not miss an average of two days a month due to medical impairments. Lastly, as "other comments," Dr. Emmans notes plaintiff had surgery in July of 2004. (Tr. 210.)

The ALJ rejected Dr. Emmans's September 2007 opinion for several reasons, including its internal inconsistency. The ALJ notes Dr. Emmans's observations that plaintiff takes no

prescription pain medication, the condition producing pain is alcoholism, and hard physical labor may aggravate the hip are inconsistent with the doctor's assessed two days per month of absenteeism. (Tr. 18-19.) The ALJ notes the assessed absenteeism "is not supported by his [Dr. Emmans's] overall statement." (Tr. 19.) While the ALJ's language could perhaps be more expansive, the reason given is specific, legitimate, and supported by substantial evidence.

Second, the ALJ rejected the assessed limitation as "not in any way" supported by the overall limited evidence. (Tr. 19.) The ALJ observes that the only other evidence of disabling limitation includes limitations assessed for plaintiff's periods of recovery following surgery -- periods of limited duration. [(See e.g., the opinion of Todd Orvald, M.D., on August 4, 2004 (Tr. 155-157), following plaintiff's July 24, 2004 operation to repair a fractured femur (Tr. 137-139), who expected work limitations without treatment to last 6-12 months.)] The ALJ points out there is no other evidence, record or clinical examination demonstrating what would appear to be lasting physical impairment. (See Tr. 19, Exhibits 1F, 2F and 6F.)

The ALJ is correct. There are medical records predating onset: a fractured clavicle in July of 2003 (Tr. 158-163); a fractured hip in July of 2004 (Tr. 116,163); a fall in August of 2004 (Tr. 166); hospitalization for intoxication with an alcohol level of .35 in September of 2004 (Tr. 168-169); and a fall where plaintiff hit his head on December 13, 2004 (Tr. 176-181). The next medical record is dated April 2, 2005, when plaintiff was seen for a consultative examination by Marie Ho, M.D. Plaintiff

complained of hip pain.  (Tr. 182-188.)  Dr. Ho concluded plaintiff is limited to standing and walking or sitting 6 hours out of 8.  (Tr. 186.)  Thereafter, the final treatment record (prior to Dr. Emmans's opinion) shows plaintiff was hospitalized on May 19, 2005, for an accidental overdose.  (Tr. 200-208.)  There is no other medical evidence.  The ALJ's reliance on the lack of medical treatment is also a specific, legitimate reason supported by substantial evidence for discounting the severe limitation.

Plaintiff argues that some ambiguity in the ALJ's statements at the hearing indicate a need to recontact Dr. Emmans for clarity.  (Tr. 264.)  The record reveals that the ALJ indicated he would not reach a decision until he had an opportunity to review everything in plaintiff's file. (Tr. 265.)  The court finds the record does not support the meaning offered by plaintiff.

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible.  (Tr. 20.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony

as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: (1) He observes plaintiff had earnings, although less than SGA, of $3600 in 2005 and $3700 in 2006. (Tr. 18, relying on Tr. 52.) As the Commissioner points out, it appears plaintiff worked on or near the day of the hearing[2]. (Ct. Rec. 17 at 9, referring to Tr. 267-268.) The inference is that plaintiff has some ability to work. (2) Plaintiff's medical records are very limited. Other than initial reports of fracture injuries, there is essentially no further medical follow-up. (Tr. 18.) (3) With respect to alcoholism, plaintiff testified he was trying to get better, was a recovering addict, and still drank, which hindered his employment since random urinalysis is given. The inference is that plaintiff believed he could work, but test results prevented it. (4) As indicated, the ALJ observed Dr. Emmans's opinion,

---

[2] In response to the ALJ's question to plaintiff about his need for two restroom breaks during the hearing, plaintiff stated he "got a couple of Gatorades while I was working" and "then some tea also on top of that at the lady's house we were working with, offered me." (Tr. 267-268.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                       - 12 -

supported by plaintiff's counsel at the hearing, that plaintiff takes no medication. (Tr. 18, 209-210, 224.) This contradicts claims of disabling pain. And, the ALJ notes, when asked why he filed for benefits, plaintiff replied he "heard you could come up with some 'grubstake.'" (Tr. 20.[3])

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ considered the entire record when he weighed Dr. Emmans's 2007 opinion.

The ALJ's reasons for rejecting Dr. Emmans's assessed marked limitations are specific, legitimate, and fully supported by the

---

[3] The ALJ does not cite to the record but the reference appears to be plaintiff's testimony in response to the question of why he applied for benefits. Plaintiff answered "well, I just heard that you could possibly just come up with some web stations basically." (Tr. 243.) Since "web stations" makes no sense, the court assumes, consistent with the ALJ's written opinion, that the ALJ heard plaintiff say "grub-stakes." "Grub-stakes" is defined as "material assistance (as a loan) provided for launching an enterprise or person in difficult circumstances." (Merriam Webster's Online Dictionary.) The parties do not address this issue.

evidence. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion). In addition, plaintiff's mode of transportation, riding a bike, indicates a level of physical ability inconsistent with allegedly disabling pain.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the opinion of treating physician Dr. Emmans, of the medical and other evidence, including plaintiff's credibility, is supported by the record and free of legal error. To the extent the ALJ discounted some of Dr. Emmans's opinions, his reasons are specific, legitimate and supported by the record.

B. <u>ALJ's duty to develop the record</u>

Plaintiff alleges the ALJ erred by discounting Dr. Emmons's opinions and then issuing an unfavorable decision without first contacting the doctor to clarify his opinion. (Ct. Rec. 14 at 10-11.)

As the Commissioner accurately responds, the ALJ is not required to recontact a doctor unless the report is ambiguous or insufficient for making a determination. (Ct. Rec. 17 at 11-13),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the record is sufficient to determine disability, this claim fails.

C. Step Five

Plaintiff's final argument, that the ALJ's hypothetical questions erroneously omitted alleged limitations, is subsumed by the preceding analysis.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 1st day of July, 2009.

s/ James P. Hutton<br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE